UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BENJAMIN BUDOFF, et al.,<br><br>Defendants. | No. 08-CR-116 KJM<br><br><br><br>ORDER |

Before the court is defendant Budoff's request for an order permitting him to file Exhibit A of his motion in limine (ECF 345) under seal. (ECF 346.) In his request to seal, defendant asserts Exhibit A consists of documents that contain personal information, attorney communications between S.M. and Charles Head, and private material concerning attorney S.M.'s practice. (ECF 346 at 1.)

In his motion in limine, defendant seeks admission of (1) all letters between attorney S.M. and Charles; and (2) "a pretrial ruling that S.M. will be ordered to testify in this matter if called to do so on those subjects further defined by the court." (ECF 345 at 5.) Budoff's theory of admissibility as to the documents contained in Exhibit A is that they are not protected by the attorney client privilege because they are communications in furtherance of a crime. (*Id.* at 6.) In support of this contention, defendant cites "F.R.E. 502(d)(1)" as stating that there is no privilege if "the services of an attorney were sought or obtained to enable or aid anyone to

1

commit or plan to commit what the client knew or reasonably should have known to be a crime or fraud." (*Id.*)

Federal Rule of Evidence 502(d) does not contain this language, nor does any other Federal Rule of Evidence. However, the crime-fraud exception to the attorney-client privilege is well established in federal common law. *United States v. Zolin*, 491 U.S. 554, 562–63 (1989).

The court finds conditional sealing of Exhibit A is warranted during the time the court considers defendant's motions in limine. Such a temporary sealing order will permit the court to conduct the *in camera* review outlined in *Zolin*. In that case, the Court considered whether the United States could compel production of tapes the defendants deemed protected by the privilege. 491 U.S. at 562. The United States argued that the tapes were not protected because they fell under the crime-fraud exception. *Id.* The district court held, without examining the tapes, that the exception did not apply. *Id.* at 559. The court of appeals affirmed, stating that the applicability of the exception must be proved by evidence independent of the privileged materials. *Id.* at 560.

Reversing the appeals court, the Supreme Court held that the district court should have considered examining the tapes themselves to determine whether the crime-fraud exception applies. *Id.* at 575. However, the party seeking *in camera* inspection must make a threshold showing that review is appropriate. *Id.* at 570. That required showing is "a factual basis adequate to support a good faith belief by a reasonable person that *in camera* review of the materials may reveal evidence to establish the claim that the crime-fraud exception applies." *Id.* at 572 (internal citation and quotations omitted).

Here, the court is satisfied that defendant has made the threshold showing required in *Zolin*. Defendant asserts in his explanation of the contents of Exhibit A that those documents will show that co-defendant Charles Head, who at the time was aware of a pending criminal investigation against him and who has since been found guilty of several conspiracies related to the criminal acts charged in defendant's case, sought aid from his attorney S.M. to evade prosecution. Because this suggests the documents are communications made for the purpose of

obtaining advice in connection with the commission of a crime or fraud, *id.* at 563, defendant has provided a "factual basis adequate to support a good faith belief by a reasonable person that *in camera* review may reveal evidence to establish the claim that the crime-fraud exception applies," *id.* at 572.

In so finding, the court for now assumes without deciding that the documents in defendant's Exhibit A are privileged.

Defendant's Exhibit A is conditionally sealed, pending further order of the court. The Clerk of Court is directed to file the exhibit under seal, while filing this order on the public docket.

IT IS SO ORDERED.

Dated: October 11, 2013.

_____
UNITED STATES DISTRICT JUDGE